[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2010
JOHN LEY
CLERK

No. 09-11586
Non-Argument Calendar
_____

D. C. Docket No. 09-00241-CV-TCB-1

KAREEM MUHAMMAD,

Petitioner-Appellant,

versus

D. WILLIAMS-HUBBLE,
Education Supervisor,
L. WILLIAMS,
Education Literacy Coordinator,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 28, 2010)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Muhammad ("Petitioner"), proceeding pro se, seeks a writ of habeas corpus for wrongdoing by prison education Supervisor Williams-Hubble ("Respondent") and prison literacy coordinator Williams when Williams allegedly refused to accept Petitioner's high school diploma because of his religion. Construing Petitioner's pleading broadly, we conclude that he actually seeks relief under the constitutional relief in a Bivens-type suit. Because Petitioner's complaint and attachments assert a plausible claim for denial of constitutional rights, we reverse the district court's dismissal.

In 2009, Petitioner submitted to Williams a copy of a high school diploma earned while incarcerated in state prison. (Inmates with high school diplomas might obtain a higher pay grade for work performed while in custody.) Williams asked if Petitioner was a Muslim; and when Petitioner responded that he was, Williams rejected the diploma and stated that Petitioner should change his religion. Petitioner filed internal grievances with the prison, including Respondent, who told him that whatever Williams says "is law." The prison's warden eventually informed Petitioner that his diploma was unacceptable as it was not from an "accredited traditional school."

Petitioner sought a writ under 28 U.S.C. section 2241 as a "last resort." He

argued that Respondent had violated his Fifth Amendment due process clause and equal protection rights insofar as he was treated differently than other similarly situated persons.

The district court, adopting the Report and Recommendation of a Magistrate Judge, dismissed Petitioner's claim. It concluded that Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4") mandated dismissal because Petitioner has no constitutional right to prison employment at a particular pay grade. And because Petitioner had not alleged that other inmates' degrees from similar institutions had been accepted, his equal protection claim failed.

Despite filing his claim as a petition for a writ of habeas corpus, Petitioner is not challenging the "fact or duration of his confinement," nor any "terms and conditions" of the confinement itself. See Heck v. Humphrey, 114 S. Ct. 2364 (1994) (defining the core of habeas corpus as challenges to the fact, duration, or nature of confinement). Instead, Petitioner challenges a deprivation of his constitutional rights by federal officers, a claim cognizable as a Bivens suit. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 91 S. Ct. 1999 (1971). Bivens permits "injured plaintiffs [to] bring a cause of action for damages against federal officers based on violations of their constitutional rights," much like a 1983 suit permits claims against state officials. Behrens v. Regier, 422 F.3d

3

1255, 1263 & n.15 (11th Cir. 2005). Construing his petition broadly, we conclude that he alleges (what amounts to) a <u>Bivens</u> claim.

Here, Petitioner sets out claims for violations of his rights to due process and equal protection. His complaint (which we, for now, must accept as true) alleges that he complied with all prison requirements to have his diploma accepted and that his diploma was rejected only because he is Muslim. If other similarly situated prisoners had their diplomas accepted, Petitioner's claim may have merit. As such, the complaint does not "plainly [show] that petitioner is not entitled to relief" and dismissal was improper. Accordingly, we reverse and remand for further proceedings.

REVERSED and REMANDED.